McWILLIAMS CONSTRUCTION, INC. v. VILLAGE OF
SPRING PARK AND ANOTHER.
JOHNSON BROTHERS HIGHWAY AND HEAVY
CONSTRUCTORS, INC., RESPONDENT.

200 N. W. 2d 401.

August 4, 1972—No. 43295.

*Thiel & Sorenson* and *Russell A. Sorenson,* for appellant.
*Carlsen, Greiner & Law* and *Timothy M. O'Brien,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Peterson, and Kelly, JJ.

PER CURIAM.

Plaintiff, McWilliams Construction, Inc., seeks review of a post-trial decision of the trial court denying its motion to amend its complaint and ordering entry of a money judgment against plaintiff in favor of defendant Johnson Brothers Highway and Heavy Constructors, Inc., pursuant to a special verdict of a jury. In ordering the judgment, the trial court refused to order judgment for plaintiff on its claim against defendant Johnson Brothers for an additional construction expense which was based upon an alleged breach of an oral agreement concerning the time schedule of the respective parties in constructing sewer and water mains in the village of Spring Park.[1] During trial, the court

---

[1] Judgment was entered subsequent to commencement of this appeal, and time for appeal from the judgment has expired.

reserved decision as to the issue of liability on this claim even though the jury was permitted to find on special interrogatories that defendant Johnson Brothers delayed its performance in the excavation and installation of sewer mains, thus delaying plaintiff's installation of water mains, and that such delay resulted in additional expense to plaintiff of $4,500.

Reading the procedural record in the light most favorable to plaintiff, it is our conclusion that plaintiff is attempting to appeal from an order directing the entry of judgment following special findings by a jury, which order, because it is not final, is not appealable of right. Cucchiarella v. Kolodzieg, 283 Minn. 515, 166 N. W. 2d 100 (1969). Accordingly, defendant Johnson Brothers' motion to dismiss plaintiff's appeal, which had been filed before oral argument and upon which we reserved decision, is granted.

Although we do not regard the issue of defendant Johnson Brothers' liability to plaintiff as one justifying discretionary review, we have, in view of the submission of written and oral argument, nevertheless considered the merits of the appeal. We are persuaded that the trial court properly denied recovery by plaintiff for the reason, expressed in the court's supplementary memorandum, that no valid legal theory upon which recovery could be based exists. It is also our conclusion after reading the transcript of the testimony that plaintiff's claim as to an agreement made by defendant Johnson Brothers concerning its schedule for completing the excavation and installation of the sewer mains was not established by the evidence.

Affirmed.